**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: November 5 2018**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 18-30927 |
| | ) | |
| Brian R. Somogye, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 18-3037 |
| | ) | |
| Jim Ott, et al., | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| Brian R. Somogye, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF DECISION AND ORDER
DENYING MOTION FOR SUMMARY JUDGMENT**

This adversary proceeding is before the court on Plaintiffs' Motion for Summary Judgment [Doc. # 11], Defendant's response [Doc. # 12] and Plaintiffs' reply [Doc. # 13]. Pursuant to the court's order granting Plaintiffs leave to supplement the record under Federal Rule of Civil Procedure 56(e), Plaintiffs filed supplemental documents in support of their motion [Doc. # 16] and Defendant filed his further response [Doc. # 17].

Defendant is the debtor in the underlying Chapter 7 bankruptcy case. This proceeding involves the dischargeability of a debt owed by him to Plaintiffs as a result of a state court judgment. Plaintiffs contend that the debt is non-dischargeable under 11 U.S.C. § 523(a)(2)(A) by virtue of the doctrine of issue preclusion.

The district court has jurisdiction over Defendant's underlying Chapter 7 bankruptcy case and all civil proceedings in it arising under Title 11, including this adversary proceeding. 28 U.S.C. § 1334(a) and (b). The Chapter 7 case and all proceedings in it arising under Title 11, including this adversary proceeding, have been referred to this court for decision. 28 U.S.C. § 157(a) and General Order No. 2012-7 entered by the United States District Court for the Northern District of Ohio. Proceedings to determine the dischargeability of particular debts are core proceedings that this court may hear and determine. 28 U.S.C. § 157(b)(1) and (b)(2)(I). For the reasons that follow, Plaintiffs' motion will be denied.

## FACTUAL BACKGROUND

Unless otherwise indicated, the following facts are not in dispute. In October 2016, Plaintiffs commenced an action in the Court of Common Pleas, Lucas County, Ohio, ("State Court") against Defendant, alleging claims of breach of contract, fraudulent misrepresentation, and violation of the Ohio Consumer Sales Practices Act, all arising out of a garage construction and home remodeling contract that was to be completed by Defendant, and a claim of fraudulent transfer of property. [Doc. # 1, Complaint, ¶ 27 and Ex. 1; Answer, ¶ 17]. Defendant, proceeding pro se, filed an answer to the State Court complaint. [Doc. # 16, Walerius Aff., ¶ 3 and attached Ex. 1].

On September 1, 2017, Plaintiffs filed a notice in State Court, stating that they served Defendant with their requests for admission and interrogatories by regular United States mail. [*Id.* at ¶ 4 and attached Ex. 2]. Plaintiffs' discovery requests indicate a response was required within thirty days. [*Id.* at ¶ 5 and attached Ex. 3, unnumbered p. 11]. Defendant did not respond to the discovery requests and states that he did not receive the discovery requests. [Doc. # 17-1, Somogye Aff., ¶ 6]. On October 10, 2017, Plaintiffs filed and served on Defendant a motion for summary judgment on all counts of their complaint in the State Court action that was supported by a copy of their requests for admission. [Doc. # 16, Walerius Aff., ¶¶ 5-6, Ex. 3]. On November 15, 2017, approximately three weeks after any response to Plaintiffs' summary judgment motion was due, Defendant filed a motion requesting an extension of time in order to obtain an attorney. [*Id.* at ¶ 7, attached Ex. 4]. On November 21, 2017, the State Court denied his request. [*Id.* at ¶ 8, Ex. 5]. On that same date, the State Court granted Plaintiffs' motion for summary judgment based upon

Defendant's deemed admissions due to his failure to respond to the requests for admission. [*Id.* at ¶ 9, Ex. 6]. The State Court scheduled a hearing on damages, at which Defendant appeared and was afforded the opportunity to litigate those issues. [*Id.* at ¶¶ 9-11]. On January 3, 2018, the State Court entered an amended judgment in favor of Plaintiffs on all counts of their complaint. [Doc. # 11-1].

The State Court's amended judgment includes specific findings regarding each of Plaintiffs' claims. The State Court found that Defendant breached the contract with Plaintiffs and set forth specific unfair and deceptive and unconscionable acts and practices it found Defendant had committed in violation of the Consumer Sales Practices Act. [*Id.* at ¶¶ 2, 8-13]. With respect to Defendant's fraudulent misrepresentation claim, the State Court found as follows:

> Defendant has committed fraud by representing that he had new construction experience. These statements were false. These statements were material to the transaction as it was made to induce Plaintiff to hire Defendant. These misrepresentations were made with the intent of misleading Plaintiff into relying upon them. Plaintiff did in fact rely upon them and entered into the contract with Defendant.

[*Id.* at ¶ 14]. The State Court further found that Plaintiffs paid some of the subcontractors to get their portion of the work completed and had to hire someone else to finish the project and correct substandard work. [*Id.* at 2]. The State Court granted judgment in relevant part as follows:

> A. The Plaintiffs are granted judgment against [Defendant] in the sum of $26,892 for compensatory damages.
>
> B. The Plaintiffs are granted judgment against [Defendant] in the sum of $80,676.00 for treble damages for violation of the Consumer Sales Practices Act and fraud.
>
> C. The Plaintiffs are granted a judgment against [Defendant] in the sum of $4,700 for attorney fees for . . . fraud.
> . . . .
> D. It is further ORDERED that Plaintiff is granted post judgment interest.

[*Id.* at 4].

On April 18, 2018, Defendant filed a petition for relief under Chapter 7 of the Bankruptcy Code. Plaintiffs filed a timely complaint to determine dischargeability of the debt Defendant owes them pursuant to the State Court judgment. In their Motion for Summary Judgment, Plaintiffs argue that the debt owed to them by Defendant relating to damages awarded by the State Court on their fraudulent misrepresentation claim is non-dischargeable under § 523(a)(2)(A) based on the issue preclusive effect of the State Court judgment.

3

# LAW AND ANALYSIS

## I. Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In reviewing a motion for summary judgment, however, all inferences "must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88 (1986). The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party has met its initial burden, the adverse party "may not rest upon the mere allegations or denials of his pleading but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue for trial exists if the evidence is such that a reasonable factfinder could find in favor of the nonmoving party. *Id*.

## II. 11 U.S.C. §523(a)(2)(A)

Under § 523(a)(2)(A), a debt is excepted from discharge to the extent it was obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." In order to except a debt from discharge under § 523(a)(2)(A) based on a false representation, a plaintiff must prove the following elements by a preponderance of the evidence: (1) the debtor obtained money or services through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss. *Rembert v. AT&T Universal Card Services, Inc. (In re Rembert)*, 141 F.3d 277, 280-81 (6th Cir. 1998).

Plaintiffs argue that the collateral estoppel, or issue preclusive, effect of the state court judgment precludes Defendant from litigating in this court Plaintiffs' fraudulent misrepresentation claim. Issue preclusion principles apply to dischargeability proceedings in bankruptcy cases. *See Grogan v. Garner*, 498 U.S. 279, 284 n.11 (1991)("[C]ollateral estoppel principles do indeed apply in discharge exception

proceedings pursuant to § 523(a)."). Under 28 U.S.C. § 1738, the federal full faith and credit statute, a federal court must accord a state court judgment the same preclusive effect the judgment would have in state court. *Corzin v. Fordu (In re Fordu),* 201 F.3d 693, 703 (6th Cir. 1999). In determining whether a prior state court judgment should be given preclusive effect in a federal action, the federal court must apply the law of the state in which the prior judgment was rendered. *Id.* Thus, in this case, the court must apply Ohio issue preclusion principles.

Under Ohio law, there are four requirements for the application of the doctrine of issue preclusion: (1) a final judgment on the merits after a full and fair opportunity to litigate the issue; (2) the issue was actually and directly litigated in the prior action and must have been necessary to the final judgment; (3) the issue in the present suit must have been identical to the issue in the prior suit; and (4) the party against whom estoppel is sought was a party or in privity with the party to the prior action. *Sill v. Sweeney (In re Sweeney)*, 276 B.R. 186, 189 (B.A.P. 6th Cir. 2002); *Thompson v. Wing*, 70 Ohio St.3d 176, 183 (1994). The person asserting issue preclusion carries the burden of proving its requirements by a preponderance of the evidence. *A Packaging Service Co. v. Siml (In re Siml),* 261 B.R. 419, 422 (Bankr. N.D. Ohio 2001).

There is no dispute that Defendant was a party in the prior State Court action, thus satisfying the fourth element under *Sweeney*.

With respect to the first element, there is no dispute that the State Court entered a final judgment in that action. However, Defendant argues that he did not have a full and fair opportunity to litigate Plaintiff's fraud claim because the State Court judge denied his request for an extension of time in order to obtain an attorney to guide him through the legal process. In *Skinner v. Lesh (In re Lesh)*, 253 B.R. 849 (Bankr. N.D. Ohio 2000), the court addressed a similar argument. In response to the plaintiff's issue preclusion argument, the defendant in *Lesh* argued that he did not have a full and fair opportunity to litigate the issues in state court because his motion to continue the state court trial in order to obtain legal counsel was denied. *Id.* at 853. The court rejected that argument, stating that "if a litigant feels that they have been aggrieved by an improper state court decision, their proper method of recourse is to seek redress through the state court judicial system." *Id.* at 854.

Furthermore, while a factual dispute exists as to whether Defendant was served with Plaintiffs' requests for admission and interrogatories, he does not dispute that Plaintiff served him with the summary judgment motion. Being denied an extension of time to respond to the motion, especially when Defendant's request was made over three weeks after any response was due to the summary judgment motion, did not

5

deny him the opportunity to fully and fairly litigate the issues. *Cf. Fields v. County of Lapeer*, 238 F.3d 420 (Table), 2000 WL 1720727, at *2 (6th Cir. 2000) ("[R]equiring a litigant to comply with local and state court rules does not deprive that litigant of his right of access to the courts."); *Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir.1980) ("it is incumbent on litigants, even those proceeding pro se, to follow the ... rules of procedure."). "It is only necessary that the *opportunity* to fully and fairly litigate the issues be available; it is not required that the party have exercised that opportunity." *Trentadue v. Zimmerman (In re Zimmerman)*, 2016 WL 929264 at *4, 2016 Bankr. LEXIS 755 at *9 (Bankr. N.D. Ohio March 10, 2016) (emphasis added); *see also S. Atl. Neurology and Pain Clinic, P.C. v. Lupo (In re Lupo )*, 353 B.R. 534, 553 (Bankr. N.D. Ohio 2006) ("This factor is rooted in due process concerns... therefore, for purposes of issue preclusion the key to full and fair opportunity analysis is determining whether the party had adequate notice of the issue and was afforded the opportunity to participate in its determination."). The court thus finds that the first element under *Sweeney* is satisfied.

The third element is also satisfied. The State Court entered a final judgment against Defendant on all of Plaintiffs' claims, including their fraudulent misrepresentation claim. The same issues in this adversary proceeding with respect to Plaintiffs' dischargeability claim based on Defendant's alleged fraudulent misrepresentation were decided in the State Court action – namely, that Defendant obtained money from Plaintiffs through his fraudulent misrepresentation regarding his experience in new construction that was justifiably relied upon by Plaintiffs. The elements of a fraudulent misrepresentation claim under Ohio law mirror the elements that must be shown in order to prevail under § 523(a)(2)(A). *Compare Deutsche Bank Nat'l Trust Co. v. Pevarski*, 187 Ohio App.3d 455, 470-471 (2010) (setting forth the elements of a claim of fraudulent misrepresentation under Ohio law) *with Rembert,* 141 F.3d at 280-81 (setting forth the elements of a § 523(a)(2)(A) claim). Specifically, the state court found that (1) Defendant made material misrepresentations that he had new construction experience, (2) the misrepresentations were made with the intent of misleading Plaintiffs, (3) Plaintiffs did in fact rely upon them and entered into the garage construction and home remodeling contract with Defendant, (4) Plaintiffs paid a $20,000 deposit, which was more than needed to construct the garage, (5) Defendant did not complete the garage or start the remodeling work, and (6) Plaintiffs hired someone else to finish the project and to correct substandard work. Although the State Court opinion does not include an express finding that Plaintiffs' reliance was justifiable, as justifiable reliance is an element of a fraudulent misrepresentation claim under Ohio law, *Pevarski*, 187 Ohio App.3d at 471, such a finding can be inferred given the State Court's determination that Defendant

6

is liable to Plaintiffs on their fraud claim.

As to the second element under *Sweeney,* Defendant analogizes the State Court judgment based on his deemed admissions to a default judgment and, citing *Hinze v. Robinson (In re Robinson)*, 242 B.R. 380 (Bankr. N.D. Ohio 1999), argues that Plaintiffs' fraudulent misrepresentation claim was not actually and directly litigated because the State Court judgment was based on Defendant's "default admissions," and not on any "real evidence." [Doc. # 12, p. 4]. In *Hinze*, the court held that issue preclusion only applies to a state court default judgment if the plaintiff actually submitted admissible evidence apart from his pleadings and the state court makes sufficiently detailed findings of fact and conclusions of law to support application of the doctrine. *Hinze*, 242 B.R. at 387. Plaintiffs, in their reply, argue that Defendant's deemed admissions due to his failure to respond to their requests for admission constituted proper evidence on summary judgment that the court considered and that formed the basis of the State Court's judgment. Plaintiffs thus contend that the fraud issue was actually and directly litigated in the State Court action.

There is no dispute that Plaintiffs' unanswered requests for admission were deemed admitted by Defendant under Ohio Rule of Civil Procedure 36(A)(1), which provides that "a matter is admitted unless, within a period designated in the request, not less that twenty-eight days after service of the request. . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter. . . ." And there is no dispute that Defendant's deemed admissions formed the basis for Plaintiffs' motion for summary judgment in the State Court action, the State Court's order granting Plaintiffs' motion for summary judgment and the State Court's findings of fact in its Amended Judgment Entry.

Neither party, however, has addressed the limitation in Rule 36 on the effect of admissions under that rule in subsequent proceedings. Rule 36 specifically provides that "[a]ny admission made by a party under this rule is for the purpose of the pending action only and is not an admission by the party for any other purpose nor may it be used against the party in any other proceeding." Ohio R. Civ. P. 36(B). The question in this case is whether a judgment based on admissions under Rule 36, as opposed to the admissions themselves, can be used in a later proceeding to preclude litigation of the factual issues admitted.

The court has found no Ohio case interpreting Rule 36 and addressing this specific issue. While the court is aware of Ohio caselaw finding an issue "actually litigated" as a result of admissions in an earlier case, *Nye v. Ohio Bd. of Exam'rs of Architects*, 165 Ohio App. 3d 502, 507 (2006) (finding that because factual admissions were incorporated into the agreed judgment entry, the "civil action is deemed actually

litigated and determined"), and caselaw setting forth elements of issue preclusion that require the issue to have been "admitted or actually tried and decided" in the earlier proceeding, *see, e.g., Anderson v. Lorain Cty. Title Co.*, 88 Ohio App.3d 367, 371–72 (Ohio App. 9th Dist. 1993); *Cianciola v. Johnson's Island Property Owners' Assn.*, 981 N.E.2d 311, 315, 2012 -Ohio- 5261, ¶ 13 (Ohio App. 6th Dist. 2012), none of those cases involved a prior judgment based upon deemed admissions under Rule 36.

A number of federal courts have addressed that issue in interpreting the same limitation on use of admissions under Rule 36 of the Federal Rules of Civil Procedure. The Ohio Supreme Court has recognized that, "[b]ecause the Ohio Rules of Civil Procedure are modeled after the Federal Rules of Civil Procedure, federal law interpreting the federal rule is appropriate and persuasive authority in interpreting a similar Ohio rule." *Felix v. Ganley Chevrolet, Inc.*, 145 Ohio St.3d 329, 333, 2015 -Ohio- 3430, ¶ 24 (2015).

The federal cases reviewed by the court have uniformly held that a judgment based on admissions under Rule 36 (or its counterpart under federal Tax Court Rule 90(f)) does not have issue preclusive effect in a later proceeding. *See In re Cassidy*, 892 F.2d 637 (7th Cir. 1990); *Hernandez v. Pizante (In re Pizante)*, 186 B.R. 484, 489 (B.A.P. 9th Cir. 1995); *Minardi v. Minardi (In re Minardi)*, 536 B.R. 171, 183 (Bankr. E.D. Tex. 2015); *Thomas v. Pickens (In re Pickens)*, 2017 WL 474318, *6 (Bankr. E.D. Tex. Feb. 3, 2017); *Liz Transport Inc. v. Haifley (In re Haifley)*, No. 14-10359, 2014 WL 7496334, *2 (Bankr. N.D. Ind. Dec. 19, 2014); *MedPort, Inc. v. Robinson (In re Robinson)*, No. 13-3491-9-SWH, 2014 WL 6477606, *3 (Bankr. E.D.N.C. Nov. 18, 2014); *Cozzone v. Ingui*, No. 06-1541, 2006 WL 3069465, *3 (E.D. Pa. Oct. 25, 2006).

In *In re Cassidy*, the Seventh Circuit Court of Appeals considered whether a prior United States Tax Court judgment, finding that debtor had filed fraudulent tax returns based on facts deemed admitted under Tax Court Rule 90(f), had issue preclusive effect in the debtor's dischargeability proceeding. *In re Cassidy*, 892 F.2d at 639-40. The court considered the fact that, like Rule 36, admissions made by a party under Tax Court Rule 90(f) cannot be used against that party in any other proceeding. *Id.* at 640. The court analogized deemed admissions under Tax Rule 90(f) and/or Rule 36 to a default judgment based on deemed admissions or judgments based on stipulations, which have no issue preclusion effect. *Id.* at n.1. Applying the restriction on Rule 90(f) admissions, the court concluded that "[i]t follows" that the judgment of the Tax Court on the fraud issue, based solely on the deemed admissions, could not be a bar in the later dischargeability proceeding. *Id.* at 640.

Similarly, in *Pizante*, the Ninth Circuit Bankruptcy Appellate Panel considered the issue preclusive

effect of a prior judgment in a fraudulent transfer proceeding, in which a transfer by the debtor to his wife was avoided based on his wife's deemed admissions under Rule 36. A creditor subsequently commenced a proceeding seeking to deny the debtor a Chapter 7 discharge based on the fraudulent transfer. *Pizante*, 186 B.R. 484, 489 (B.A.P. 9th Cir. 1995). The court explained that Rule 36 was designed to narrow the issues for trial and encourage admissions by limiting the effect of those admissions to the pending action only. *Id.* (citing 4A James W. Moore et al., *Moore's Federal Practice*, ¶ 36.08 at 36-82 (2d ed. 1995)). The court held that "[b]ecause the deemed admissions were applicable solely in the § 548 proceeding, and not in the § 727 proceeding, the 'actually litigated' element of collateral estoppel is unsatisfied." *Id.; see Minardi*, 536 B.R. at 183 ("issue preclusion principles cannot be properly applied in subsequent litigation for matters deemed admitted under [Rule 36] since deemed admissions have not been 'actually litigated'"); *Hildebrand v. Kugler (In re Kugler)*, 170 B.R. 291, 299-300 (Bankr. E.D. Va. 1994) (rejecting the argument that, although Rule 36 limits the effect of an admission in subsequent proceedings, a judgment based on such an admission still has collateral estoppel effect and finding the "actually litigated" element of issue preclusion was not satisfied); *Pickens*, 2017 WL 474318 at *6 (stating that "a judgment based on an admission, as opposed to the admission itself, 'cannot be used to estop relitigation of a factual question in a later proceeding ... because, with regard to reliance upon deemed admissions ... the 'actually litigated' requirement for application of the doctrine of collateral estoppel cannot be satisfied'"); *Haifley*, 2014 WL 7496334 at *2 (holding that facts deemed admitted under Rule 36 that formed the basis of the state court's judgment were not controlling in the dischargeability proceeding and could not form the basis of collateral estoppel); *Robinson*, 2014 WL 6477606 at *3 (holding that judgment in a prior state court proceeding that contains findings of fact based upon deemed admissions does not satisfy the "actually litigated" requirement and cannot be afforded collateral estoppel effect). At least one court, without addressing the "actually litigated" element of issue preclusion, relied on the limitation on use of deemed admissions under both Rule 36 and Pennsylvania's identical rule. *Cozzone,* 2006 WL 3069465 at *3. The *Cozzone* court held simply that "[t]he meaning of the rule is clear: admissions shall not be used in a proceeding beyond the action for which they are offered. It necessarily follows that a verdict or judicial finding predicated exclusively on those admissions is likewise inadmissible." *Id.*

In *State ex rel. Davis v. Public Employees Retirement Board*, 120 Ohio St. 3d 386, 394 (2008), the Ohio Supreme Court addressed the "actually litigated" element of issue preclusion. The court found that the claimants' failure to raise or contest the fact at issue in two prior cases "was tantamount to a stipulation

9

in those cases" and because the issue was not actually decided, collateral estoppel did not apply. *Id*. at 394 (citing 1 Restatement of the Law 2d, Judgments, Section 27, Comment e, at 256-57) ("An issue is not actually litigated . . . if it is raised in an allegation by one party and is admitted by the other before evidence on the issue is adduced at trial; nor is it actually litigated if it is the subject of a stipulation between the parties"). The Ohio Supreme Court explained "that there are many reasons why a party may choose not to raise an issue, or to contest an assertion, in a particular action" and that "if preclusive effect were given to issues not litigated, the result might serve to discourage compromise, to decrease the likelihood that the issues in an action would be narrowed by stipulation, and thus to intensify litigation." *Id.* at 393 (quoting 1 Restatement of the Law 2d, Judgments, Section 27, Comment e). Even where the party's reasons for not litigating in the prior action may be such that preclusion would be appropriate, the court stated that policy considerations "weigh strongly in favor of nonpreclusion, and it is in the interest of predictability and simplicity for such a result to obtain uniformly." *Id.*

While the Ohio Supreme Court has not addressed the issue preclusive effect of a judgment based on deemed admissions under Rule 36, to the extent that such admissions can be considered a type of stipulation as suggested in *In re Cassidy*, *Davis* lends strong support for concluding that the Ohio Supreme Court would find that factual findings in a prior judgment based upon deemed admissions were not "actually litigated." Plaintiffs have not satisfied the second element of issue preclusion under *Sweeney*.

In any event, whether considering the "actually litigated" element of issue preclusion or simply giving effect to the stated limitation in Rule 36 on the use of deemed admissions, as in *Cozzone*, this court finds the federal caselaw discussed above persuasive and concludes that the Ohio Supreme Court would not give issue preclusive effect to a prior judgment that was based upon such admissions.

## **CONCLUSION**

For the foregoing reasons, the court finds that the State Court judgment does not preclude Defendant from litigating the fraud issues relating to Plaintiffs' nondischargeability claim under 11 U.S.C. § 523(a)(2)(A).

**THEREFORE,** for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Plaintiffs' Motion for Summary Judgment [Doc. # 11] be, and hereby is, and **DENIED**.

##